WILLIAM REDDICK, Sheriff of La Salle county, plaintiff in error, v. THE ADMINISTRATORS OF JOSEPH CLOUD, deceased, defendants in error.

*Error to La Salle.*

The officers interested in a fee bill, delivered as an execution against the defendant, have a right to control it.    The sheriff is liable to their orders, except in relation to his own fees, as much as he is to the orders of the plaintiff in execution, in relation to it.    But not so in relation to the execution; that is the plaintiff's process, and he has the exclusive control of it.    He is liable, in the first instance, to the officers for their own costs, and is entitled to recover them of the defendant to reimburse himself.    But if the costs are collected, and the plaintiff has not already paid the officers their respective fees, they may compel the sheriff to pay over to them.    This remedy extends, as well to the cost bill of the plaintiff, as to the fee bill against the defendant, or a fee bill against the plaintiff.

If a plaintiff has not paid his own costs to the officers, they are not delayed in their remedy therefor, nor compelled to wait until he is able or pleases to collect them of the defendant.    They can proceed by fee bill or suit.

If a levy be made in the life of the execution or fee bill, the officer may sell the property after the return day.    No new writ or fee bill is necessary for that purpose.    A *venditioni exponas* is not intended to empower, or as an authority for the officer to sell, but rather to compel him to do his duty by selling.

The plaintiff in an execution has no right of control over the fee bill against the defendant; that belongs to the officers.

The Constitution provides, that all " process, writs and other proceedings" shall run in the name of " The People of the State of Illinois." · A fee bill to be delivered as an execution falls under the terms, "process," "writ," and should run in the name of "The People of the State of Illinois," just as executions do, and should contain a mandate to the sheriff to levy the amount of the costs of the estate of the person against whom it is issued.

MOTION for a rule on the sheriff of La Salle county to show cause why he should not return a certain execution and fee bill, made in the La Salle Circuit Court, after due notice, and heard before the Hon. John D. Caton, at the November term 1845.    The Court, at the hearing, ordered the sheriff to return them *instanter*, from which decision he appeals to this Court.

*H. G. Cotton & E. S. Leland*, for the plaintiff in error.

1.    Execution of a judgment is enforced by the party, who

has obtained the judgment, sueing out a certain writ, founded upon and suitable to the action in which the judgment has been given, and directed to the sheriff of the proper county, which writ is supposed to be granted at the request of the party entitled thereto, for the purpose of affording him satisfaction of the judgment so obtained by him. 1 Sellon's Pr. 541.

The plaintiff has full control of his execution. Gale's Stat. 535, § 30. He may sue out an execution within a year and a day by an attorney other than the attorney of record. *Thorp* v. *Fowler*, 5 Cowen, 446. The attorney as well as the sheriff are subject to the instructions of the plaintiff. But, if the plaintiff's instructions will produce a great sacrifice of property, the sheriff may exercise a proper discretion and postpone the sale.

There is no adjudged case giving to the clerk a lien upon the judgment for his fees; and we have no statute expressly creating such lien. The statute has provided a clerk with the means of obtaining ample security. Gale's Stat. 195. The presumption of the law is, that the parties advance the fees as the suit progresses. *Watson* v. *Depeyster*, 1 Caines, 66.

If the clerk is bound to perform services, when his fees are not advanced, as seems to be intimated in the case of an attorney in the case of *Castro* v. *Bennett*, 2 Johns. 296, the Legislature has endeavored to provide a summary way of collecting them by fee bill. Gale's Stat. 300, § 8. But this statute only authorized the clerk to issue his fee bill against the party in whose favor the service was rendered.

The Act of 1843 is subsequent to the issuing of the execution in this case, and that Act only requires the new clerk to issue his fee bill or execution upon the request of his predecessor or legal representative for fees belonging to the old clerk. Laws of 1843, 68. Giving this statute the broadest interpretation, it can only authorize an execution upon a judgment for costs, at the instance of a former clerk.

It is presumed the Legislature did not intend to provide a new process, or extend the remedy for this particular case;

but that fee bill or execution are used as synonymous terms, as a fee bill has the force and effect of an execution.

If the lien, which is given to an attorney by the English law, be extended to clerks in this State, still a clerk would have no authority to issue, control, or compel a return of an execution upon a judgment rendered for damages as well as costs; he is a mere officer of the Court, and takes no charge of the rights or interests of either party. But an attorney is placed in the stead of the party, to manage his matters of law. 3 Bl. Com. 25. The attorney's authority determines with the judgment, or at least with the issuing execution within a year and a day thereafter. *Jackson* v. *Bartlett*, 8 Johns. 281.

Settlement of costs by a party in the suit, in whose favor they are awarded, with the opposite party, made *bona fide*, is valid, if made without notice from the attorney of any claim or lien. *The People* v. *Hardenburgh*, 8 Johns. 259; 4 Term R. 124.

2. Costs of the prevailing party shall be included in the judgment. Gale's Stat. 534, § 25. The 27th section renders it unnecessary to insert in the judgment the costs of the prevailing party; but the fee book of the clerk shall be taken and deemed a part of the record, &c.

Taxing costs is a judicial act. *Miller* v. *Adams*, 4 Scam. 195. The taxing officer must determine the amount the plaintiff is entitled to recover beyond the verdict of the jury, for his costs of increase. He must determine what fees the officers are entitled to for services, the amount of fees for each for travel and attendance; and in some cases may tax interest with the costs. *Farlie* v. *Lawson*, 5 Cowen, 424. Before the costs can become a part of the judgment, they must be taxed by the Judge; 2 Dunlap's Pr. 735; 3 Chit. Gen. Pr. 602; or taxed and subscribed by the clerk; Gale's Stat. 198, § 21, and the bill entered in the fee book, Gale's Stat. 534, § 25, and the amount inserted in the docket book. Gale's Stat. 534, § 27. The Acts concerning costs, fees, and practice, were all passed by the same Legislature, and effect must be given to them all unless one is inconsistent with the other.

Reddick *v.* Cloud's Adm'rs.

The statute has given jurisdiction to the clerk to tax costs; in relation to which the Court originally has nothing to do. *Miller* v. *Adams,* 4 Scam. 195. The question of costs, in this case, never having been brought before the Circuit Court by appeal, it has no power to order any amendments or supply any omissions.

No costs having been legally awarded to the plaintiff, so much of the execution as requires the collection thereof, is irregular and void.

3. There is no judgment in trespass upon which the execution is grounded. The execution was issued without authority, and is irregular, and the sheriff is not bound to act under it.

The process by which a remedy is obtained, is as immutable as the common law. The process is a part of the common law, and is considered in the light of the remedy itself.

The execution must follow the judgment, and be warranted by it. 2 Dunl. Pr. 768; 2 Saund. 72, *i.* It should specify the nature of the action and the judgment recovered, 1 Sellon's Pr. 543, and so are the forms.

4. The costs in the fee bill against the defendant have not been taxed, and there is no order or judgment of the Court against the defendant for the amount.

5. All process, writs, and other proceedings shall run in the name of "The People of the State of Illinois." Const. Art. 4, § 7.

A fee bill is a process or a proceeding in the nature of an execution, and within the meaning of the Constitution.

In this State, a process cannot run in the name of an individual. It is not the process of an individual, but of the people, from whom all power emanates.

The fee bill should be directed to the sheriff to execute.

*W. R. Maclay,* for the defendants in error.

1. The sheriff is bound to return all executions in ninety days after their date. Gale's Stat. 390, § 6; R. L. 301, § 8.

If the sheriff shall neglect, or refuse to make return of

any execution to him directed and delivered, the party suing out said execution, may apply to the next Circuit Court for relief. Gale's Stat. 535, § 30; R. L. 419, § 44.

.2. The costs of the prevailing party shall be included in the judgment. Gale's. Stat. 534, § 25; R. L. 418, § 40. If the costs of the prevailing party have not been paid as the suit progressed, the officers performing the services become parties interested in the judgment to the amount of their fees, and the money, when collected, must be paid to whom the same of right belongs, and to no other person. Laws, 1842-3, 68.

3. The clerks of the several Circuit Courts of this State are required to ascertain the amount of costs in each suit, and when so ascertained, the costs of the prevailing party is included and made a part of the judgment. Gale's Stat. 534, § 25; R. L. 418, § 40.

4. It shall be lawful for any party in whose favor any judgment may be obtained, to have execution in the usual form, &c. R. L. 301, § 5.

5. The clerk of any Court of this State is the officer whose duty it is to tax, and subscribe all bills of costs arising in any cause or proceeding instituted in the Court of which he is clerk, agreeably to the fees for the time being allowed by law. Gale's Stat. 198, § 21; R. L. 128, § 22.

6. It shall be lawful for the clerk to make out and tax a bill of costs against the party adjudged to pay the same, and certify the same under the seal of the Court, which being delivered to the sheriff, he shall levy the same upon the goods and chattels, lands and tenements, of the person so chargeable, and proceed in all things as on a writ of *fieri facias*. Gale's Stat. 199, § 23; Ib. 300, § 8.

The Opinion of the Court was delivered by

SCATES, J. The administrators, upon due notice, entered their motion at the November Term 1845, for a rule upon the plaintiff, as sheriff of La Salle county, to show cause why he should not return a certain execution and fee bill issued upon a judgment, and for the defendant's cost, in a

case where Conrad Seabaugh and William H. Morrison, surviving partners of John G. Brown, deceased, for the use of John Sutherland, were plaintiffs, and Nathan Eells was defendant. Upon the hearing, the Court ordered the sheriff to return the execution and fee bill *instanter*, from which the sheriff appealed, and has assigned this order for error

The following are the material facts, upon which this question arises. Cloud was clerk of the Circuit Court of that county from 1832, until his death in 1842. During that time Seabaugh recovered a judgment against Eells for $112·82 damages, and his costs, which were taxed at $11·25. The defendant's costs were also taxed at $7·50. On the 30th of June, 1841, an execution was issued for the damages and costs, and together with a bill of plaintiffs' costs, delivered to the sheriff on the 5th day of July. On the same day, a fee bill was issued against the defendant for his costs, and also delivered to the sheriff on the 5th day of July. The execution and fee bill were levied in their lifetime upon the defendant's land, which was offered for sale at three different times, and would not sell for want of bidders. Thereupon, the beneficial plaintiff in the execution directed the sheriff to hold the execution and not return it, and to offer the land again, until further directed. These are all the facts that I deem at all important in the affidavit in support of the motion, and in the sheriff's return.

It is true the sheriff has returned other reasons, and objections to the rule *nisi*, why he should not be required to return the execution and fee bill, but I can see no force or validity in them. These are, that the plaintiff's bill of costs and the fee bill do not appear to have been taken or ascertained by the clerk or Court, or in any other way, than by entering them in the fee book; that they were never entered in the judgment docket; and that the fee bill is not directed "in the name of the People of the State of Illinois," nor does it direct him to make the amount thereof, of the goods and chattels of the defendant. Whatever force and solidity these objections might have in an action against the sheriff for failing to levy and collect the amount, we are

not called upon to determine; but it is certainly no answer to a rule to return them. If they be defective, so much greater the necessity of their return, that they may be perfected, or better issued. It is true, that the officers are not bound to execute void process; but if it be not void upon its face, it is a critical supervision on their part to judge it, and should be sparingly exercised, as they do so at their peril. Whether void or voidable they should not retain it, when it should be returned.

The clerk, by our statute, is required to tax the bills of costs in each case. R. L. 249, § 26; 418, § 40. He is required to keep a fee book in which he shall enter all costs taxed, and said book is made a public record. Ib. 249, § 28. A copy of the bill of the party who succeeded, shall go out with the execution. R. L. 250, § 34; 418, § 40. It is further made the duty of the clerk, whenever required by any officer of the Court interested, to make out a copy or transcript of such bill of costs, and deliver the same to the sheriff, or constable, which fee bill, so issued, shall have the force and effect of an execution, and be collected in the same manner. R. L. 249, § 28. The costs of the prevailing party shall be included in the judgment. Ib. 418, § 40. But it is not necessary to insert them in the amount, in any other way, than by recording them in the fee book. Ib. 419, § 42.

These are the several provisions in relation to this subject. There can be no doubt of the right of the officers interested in the fee bill delivered, as an execution against the defendant, to control it. And the sheriff is liable to their orders, except in relation to his own fees, as much as he is to the orders of the plaintiff in execution, in relation to it. But not so in relation to the execution. That is the plaintiff's process; the officers have no right to control it. The plaintiffs may forgive the debt and costs, if they choose, and the officers have no right to interfere. The plaintiffs are liable in the first instance to the officers for their own costs, and are entitled to recover them of the defendant to reimburse themselves. But when the costs are collected, if the officers

Reddick *v.* Cloud's Adm'rs.

have not been paid their costs by the plaintiffs, they may compel the sheriff to pay over to them their respective shares. R. L. 249, § 29; 516, § 15. And this remedy would extend as well to the cost bill of plaintiffs, as to the fee bill against the defendant, or a fee bill issued against the plaintiffs. For a fee bill may doubtless go out against the plaintiffs for the costs due from them, as well as the defendant. For if the plaintiffs have not paid their own costs to the officers, they are not delayed in their remedy against the plaintiffs therefor; nor compellable to wait until the plaintiffs are able, or please to collect them of the defendant. They may proceed by fee bills, or suit. But for this purpose, it is not necessary for them, nor are they entitled to have the cost bill returned, for the sheriff is required to deliver that to the defendant, when he pays the plaintiffs their costs. Such bill of costs should also accompany the fee bill delivered to be levied as an execution, in order that it might be delivered in like manner, as the sheriff in such case must make his return upon the fee bill, as upon an execution.

Under this view of the case, it would be extremely inconvenient to allow each and every one interested in the costs, to take control of the plaintiffs' process, by which their satisfaction might be hazarded or lost, or great delay and expense incurred. If a levy be made in the life of the execution or fee bill, the officer may sell the property after the return day. No new writ or fee bill is necessary for that purpose. A *venditioni exponas* is not intended to empower, or as an authority for the officer to sell, but rather to compel him to do his duty by selling. *Phillips* v. *Dana,* 3 Scam. 557. Although the law has fixed a return day for the execution and fee bill, and required it to be made under an imposed liability, yet at the instance, or with the consent of the party in interest, he may retain the same, in order to indorse upon them the amount made by the sale of the property levied on. If the officers can control this writ, the plaintiffs might be compelled to sue out another, and so accumulate costs, and occasion delay. They have no such right or control over the execution, against the consent and direc-

tions of the plaintiffs. Their remedy is other and different, for the fees due from the plaintiffs. But over the fee bill against the defendant, they have such right and control. The plaintiffs have nothing to do with that.

While I hold that the objection urged by the sheriff, as a reason for not returning the fee bill, that it is not directed in the name of the People of the State of Illinois, is no answer to the rule to show cause why he has not returned it, yet, for the sake of a legal and correct and uniform practice under our statute, giving to such fee bills the force and effect of executions, it may not be amiss to notice the merits of the objection. The Constitution has provided, that all "process, writs and other proceedings," shall run in the name of "The People of the State of Illinois." Art. 4, § 7. A fee bill delivered to be levied as an execution, falls under the terms, "process," "writ," and should run in the name of the "People of the State of Illinois," just as executions do; and should contain a mandate to the sheriff, to levy the amount of the costs of the estate of the person against whom it is issued. The law has not directed that they should run in any other way, but has simply declared, that a copy or transcript from the fee book shall have the force and effect of an execution. It was unnecessary to direct what had already been done by the Constitution. If it had provided otherwise, it would have been repugnant and void.

We are of opinion that the Circuit Court erred in ordering the sheriff to return the execution, under the circumstances and upon the facts presented in the record. The order will, therefore, be reversed, and the cause remanded, with directions to order a return of the fee bill issued against the defendant.

*Order reversed.*